**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| WILLIE LEE ELLIS, et al.,          ) | |
|                                    ) | |
|         Plaintiffs,                ) | |
|                                    ) | |
|    v.                              ) | |
|                                    )  Civ. Action No. 15-842 (EGS) | |
|                                    ) | |
| HOLY COMFORTER SAINT CYPRIAN       ) | |
| COMMUNITY ACTION GROUP,            ) | |
|                                    ) | |
|         Defendant.                 ) | |
| _____ ) | |

**MEMORDANUM OPINION**

Plaintiffs Willie Lee Ellis, Henry Wood, Thomas Moore, James Young, and Murphy McNeil ("Plaintiffs") bring this action against Holy Comforter Saint Cyprian Community Action Group ("Community Action Group" or "CAG") alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 207 *et seq.*, the D.C. Living Wage Act, D.C. Code § 2-220.01 *et seq.*, the D.C. Minimum Wage Revision Act, D.C. Code § 32-1001 *et seq.*, and the D.C. Wage Payment and Collection Act, D.C. Code § 32-1301 *et seq.* Defendant moves to dismiss for lack of standing. Upon consideration of the motion, the response and reply thereto, the applicable law, the entire record, and for the reasons stated below, Defendant's motion is **DENIED.**

I.     **BACKGROUND**

Plaintiffs are former employees of Community Action Group, a rehabilitation facility in the District of Columbia. Compl., Docket No. 1 at 3. Plaintiffs allege that, while employed as rehabilitation monitors at CAG, they were not paid the proper hourly rate nor properly compensated for work in excess of forty hours per week. *Id.* at 3-4. CAG moves to dismiss Plaintiffs' claims for lack of standing. *See generally* Def.'s Mot. to Dismiss ("Def.'s Mot.").

On February 24, 2015, CAG signed a contract entitled "Agreement Regarding the Mediated Settlement Under the Living Wage Act of 2006" ("the Agreement") with the D.C. Department of Employment Services Office of Wage-Hour Compliance ("D.C. Office of Wage-Hour"). *See* Def.'s Ex. 1. The Agreement acknowledges CAG's commitment to pay $170,000 to resolve certain wage and hour claims and indicates that the D.C. Office of Wage-Hour will not commence any lawsuit against CAG "with respect to unresolved claims asserted by the D.C. Office of Wage-Hour for unpaid wages on behalf of employees found to be due back wages as a result of a Living Wage audit completed on February 10, 2015.". *Id.* The Agreement covers "payments to all former and current employees for calendar years 2013 and 2014." *Id.* CAG argues that Plaintiffs' injuries have already been redressed through the

Agreement and that allowing Plaintiffs' lawsuit to proceed would result in their double recovery. *Id.* at 4-5.

## II.  STANDARD OF REVIEW

A motion to dismiss for lack of standing is properly considered a challenge to the Court's subject matter jurisdiction and should be reviewed under Federal Rule of Civil Procedure 12(b)(1). *Little v. Fenty*, 689 F. Supp. 2d 163, 166 n. 3 (D.D.C. 2012); *see also Hasse v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987)("[T]he defect of standing is a defect in subject matter jurisdiction."). To survive a Rule 12(b)(1) motion to dismiss, "the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence." *Moran v. U.S. Capitol Police Bd.*, 820 F. Supp. 2d 48, 53 (D.D.C. 2011) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Because Rule 12(b)(1) concerns a court's ability to hear a particular claim, the court "must scrutinize the plaintiff's allegations more closely when considering a motion to dismiss pursuant to Rule 12(b)(1) than it would under a motion to dismiss pursuant to Federal Rule 12(b)(6)." *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011). In so doing, the court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, but the court need not "accept inferences unsupported by the facts or legal conclusions that

3

are cast as factual allegations." *Rann v. Chao*, 154 F. Supp. 2d
61, 63 (D.D.C. 2001). Finally, in reviewing a motion to dismiss
pursuant to Rule 12(b)(1), the court "may consider materials
outside the pleadings as it deems appropriate to resolve the
question whether it has jurisdiction in the case." *Scolaro v.
D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C.
2000); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F. 2d
1249, 1253 (D.C. Cir. 2005).

## III. DISCUSSION

To establish Article III standing, Plaintiffs must
demonstrate that (1) they have personally suffered an "injury in
fact"; (2) the injury complained of is fairly traceable to the
challenged action of the Defendant; and (3) it is likely that
the injury will be redressed by a favorable decision by the
Court. *Lujan*, 504 U.S. at 560-61 (internal citations omitted).
CAG argues that Plaintiffs have failed to demonstrate than an
action in this Court will redress their alleged injuries
because, according to CAG, Plaintiffs' injuries were already
redressed through the Agreement between CAG and the D.C. Office
of Wage-Hour. Def.'s Mot. at 3-5. Plaintiffs argue that the
majority of Plaintiffs have not received any payment from CAG as
a result of the Agreement, and that those who did receive

payment did not receive the full amount owed to them under the law.[1] Pls.' Opp. at 4.

The Agreement fails to demonstrate that Plaintiffs' alleged injuries will not be redressed by a favorable decision by the Court. First, the Agreement is between CAG and the D.C. Office of Wage-Hour and is clearly limited to resolution of claims under the D.C. Living Wage Act for calendar years 2013 and 2014. *See* Def.'s Ex. 1. Plaintiffs' complaint alleges injuries under the Fair Labor Standards Act, the D.C. Minimum Age Revision Act, and the D.C. Wage Payment and Collection Act, in addition to the D.C. Living Wage Act. *See generally* Compl. Moreover, Plaintiffs' complaint alleges unpaid wages beginning as early as 2008, when Plaintiff Young began his employment at CAG. *Id.* at 3. Accordingly, while some of plaintiffs' injuries may have been partially redressed as a result of the Agreement, the complaint alleges additional injuries for which CAG has provided no evidence of redress. Plaintiffs may proceed to seek redress of their entire injury. *See Massachusetts v. EPA*, 549 U.S. 497, 525-26 (2007) (litigation success need only partially redress a plaintiff's injuries to meet the redressability requirement); *see also Dove v. Coupe*, 81-cv-3022, 1982 WL 2190 at *1 (D.D.C.

---

[1] Plaintiffs further indicate that the individual Plaintiffs who did receive payment from CAG neither deposited nor cashed these payments. Pls.' Opp. at 4.

May 19, 1982)(plaintiff who received partial redress of his injuries could proceed to seek further redress of his whole injury).

Furthermore, even though the D.C. Office of Wage-Hour entered into an Agreement with CAG on behalf of certain CAG employees, there is no evidence in the record that Plaintiffs agreed to forego their private right of action against CAG. CAG argues that even though Plaintiffs are not parties to the Agreement, Plaintiffs are barred from filing this lawsuit because they are third-party beneficiaries to the Agreement. Def.'s Mot. at 3.

Under D.C. contract law, "[o]ne who is not a party to a contract nonetheless may sue to enforce its provisions if the contracting parties intend the third party to benefit directly thereunder.". *W. Union Tel. Co. v. Massman Constr. Co.*, 402 A.2d 1275, 1277 (D.C. 1979). But it does not follow that intended beneficiaries of a settlement agreement, who did not release their claims against defendant, would be barred from filing their own suit. In fact, a "beneficiary who has not previously assented to the promise for his benefit may in a reasonable time after learning of its existence and terms render any duty to himself inoperative from the beginning by disclaimer." Restatement (Second) of Contracts: Disclaimer by a Beneficiary §

306 (1981). "It is black letter contract law that a third party 'beneficiary is entitled to reject a promised benefit . . .' and when this occurs, 'the effect on the promisor's duty to the beneficiary is the same as if no promise had been made.'". *United States v. Weeks*, 388 F.3d 913, 917 (D.C. Cir. 2004) *rev'd on other grounds* 544 U.S. 917 (2005)(quoting Restatement (Second) of Contracts: Disclaimer by a Beneficiary § 306, at cmt. & illus. b (1981)). Absent evidence that Plaintiffs assented to the Agreement, Plaintiffs are entitled to disclaim any obligations owed to them thereunder, provided the disclaimer occurs within a reasonable time. CAG provides no evidence that Plaintiffs assented to the Agreement nor does it argue that Plaintiffs disclaimer occurred outside a reasonable time period. Accordingly, upon review of the record, and accepting the factual allegations in the complaint as true, Plaintiffs have alleged an injury capable of being redressed by a favorable decision of this Court.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED**. An appropriate order accompanies this Memorandum Opinion.

**Signed:    Emmet G. Sullivan**
**United States District Court**
**January 27, 2016**

7